[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
CROSS MOTIONS FOR SUMMARY JUDGMENT
This action involves a contractual dispute between the plaintiff, Quinn Associates, Inc. (hereinafter, "Quinn"), an architectural firm; and the defendant, the Town of East Hampton. The parties have filed cross motions for summary judgment. The plaintiff's Revised Complaint is in four counts — Breach of Contract, Quantum Meruit, Unjust Enrichment and Defamation.
The parties entered into a contractual relationship on December 27, 1987. Their contract provided that the plaintiff was to be compensated at a basic rate for services CT Page 5417 "completed within Twenty-Four (24) months of the date hereof" and at an hourly rate thereafter.
The crux of the parties' disagreement concerns the triggering date for the hourly rate. The plaintiff argues "Thirty-Six months of the date hereof" indicates the hourly rate was intended to commence in December of 1990, or three years from the date of the original agreement. The defendant argues the hourly rate was not intended to commence until 1991, or three years from the date of the replacement for page nine. Although the parties have stipulated to many of the pertinent facts, material facts remain in dispute which preclude this court from resolving this action on a motion for summary judgment.
The plaintiff argues that the defendant's position concerning the effect of the December, 1988 replacement page is untenable as a matter of contract law. Specifically, the plaintiff contends that this replacement page cannot be considered a modification to the contract because, plaintiff claims, there clearly was no meeting of the minds as to its effect and also because the defendant furnished no consideration for the plaintiff's promise to work at the lower, basic rate for an additional twelve months.
Even assuming arguendo that no effective modification was made to the original contract,[1] the plaintiff is not entitled to summary judgment. The parties claim to have stipulated that no material fact need be resolved. The parties have included in their stipulation of facts a series of letters from November and December of 1990 describing the respective parties' interpretations of the effect of the December, 1988 replacement page. It appears from these communications that the parties were in disagreement, but, it seems, there are facts which demonstrate that they agreed to resolve this difference according to the defendant's terms. Any such determination, however, is not properly made on a motion for summary judgment but should be made by the trier of fact.[2]
A motion for summary judgment shall be granted if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Connell v. Cowell,214 Conn. 242, 246 (1990). Insofar as the matters presented to the court here by both parties i.e., the stipulations of facts and live testimony, this court must reject the parties' claims that these motions may be granted as a matter of law. A CT Page 5418 material fact is one that will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990). In rendering a decision, "the trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Cowell, supra, 246-47. Viewing the evidence submitted in the present case in this manner, both motions for summary judgment must be, and are, denied.
Summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of notice, intent and subjective feelings and reactions." Batick v. Seymour, 186 Conn. 632, 646-47 (1982). Such issues will have to be resolved in the present case. In rendering a decision on a motion for summary judgment, however, the function of the trial court "is only to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does exist until the parties are afforded a full hearing. Issue finding, rather than issue determination is the key to the procedure." Yanow v. TealIndustries, Inc., 178 Conn. 262, 269 (1979).
The Motions for Summary Judgment are denied.
LEONARD DORSEY STATE TRIAL REFEREE